```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

WILEY JOSEPH SMITH             *

        Plaintiff      *

        vs.            *   CIVIL ACTION NO. MJG-15-2232

THE PNC FINANCIAL SERVICES     *
GROUP, et al.
                       *

        Defendants

\*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM AND ORDER RE: DISMISSAL MOTION

The Court has before it Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 20], incorporated by reference in Defendants' Motion for Summary Judgment [ECF No. 31] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

I.   PROCEDURAL POSTURE

The procedural posture of the instant case requires remedial action to eliminate apparently unnecessary issues.  In the pending Amended Complaint [ECF No. 11],[1] Plaintiff identified the Defendants as Liberty Life Assurance Company Of Boston ("Liberty") and "PNC Financial Services Group, Inc. as Administrator of the PNC Financial Services Group, Inc., and

---

[1]   As in the Complaint [ECF No. 1] except that, in the Complaint, PNC is referred to as the "sponsor" of the plan.

Affiliates Long-Term Disability Plan ("PNC")." Plaintiff did not name the PNC Financial Services Group, Inc., and Affiliates Long-Term Disability Plan ("the Plan") as a defendant.

In response to the Amended Complaint, Defendants PNC and Liberty filed the instant motion seeking dismissal of claims against them.  However, the Plan – although not named in the Amended Complaint as a defendant – represented by the same counsel as Liberty and PNC - filed Defendant's Answer to Plaintiff's Amended Complaint [ECF No. 19].[2]

There are pending cross-motions for summary judgment, but the Plan is not a party to these.  Defendants' Motion for Summary Judgment [ECF No. 31] is filed by PNC and Liberty (but not the Plan) and Plaintiff's Cross-Motion for Summary Judgment [ECF No. 34] seeks summary judgment against PNC and Liberty (but not the Plan).

II. <u>DISMISSAL</u>

ERISA § 502, 29 U.S.C. § 1132 provides, in pertinent part:

> An employee benefit plan may sue or be sued under this subchapter as an entity. . . . Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against

---

[2]     Moreover, the Court docket lists the Plan as a defendant.

>     such person is established in his individual
>     capacity under this subchapter.

Thus, if the Plan wrongly denied Plaintiff his claimed benefits, he could obtain a money judgment against the Plan.

ERISA § 503 requires plan administrators to provide participants with a "full and fair review" of any adverse benefits determination. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(f)-(g); Clarke v. Unum Life Ins. Co. of Am., 852 F. Supp. 2d 663, 676 (D. Md. 2012).  In cases where there is a procedural ERISA violation, the appropriate remedy is to remand the matter to the plan administrator so that a "full and fair review" can be accomplished.  Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 240 (4th Cir. 2008).  Thus, should Plaintiff prevail on his denial of a full and fair review claim, he may obtain a remand to the plan administrator.

While the matter may not be free from doubt, the Court finds that the Amended Complaint can be read to provide a plausible claim[3] against PNC and/or Liberty with regard to Plaintiff's procedural ERISA claim.  Therefore, that claim is pleaded adequately to avoid dismissal.  However, the Court is

---

[3]   A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

not, by any means, deciding herein that PNC and/or Liberty would not prevail on the pending cross-motions for summary judgment.

III. STATUS OF THE PLAN

As matters now stand, there may be a question whether the Plan is, or is not, a party to the instant case. Furthermore, the Plan is not named as a party to the pending cross-motions for summary judgment.

The parties can – and should in the Court's view – remedy the situation and avoid possible jurisdictional and other issues. This can be done by agreeing that the Plan can be made a party to the case and the pending summary judgment motions nunc pro tunc. Absent such an agreement, the Court shall require briefing and proceed to resolve the issues presented regarding the status of the Plan.

IV. CONCLUSION

For the foregoing reasons:

    1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 20] is DENIED.

    2. By April 7, 2017, the parties shall either:

        a. Agree that the Plan shall be made a party to the case and the pending summary judgment motions nunc pro tunc, or

        b.    Arrange a telephone conference to discuss further proceedings herein.

SO ORDERED, on Tuesday, March 21, 2017.

```
                    /s/
             Marvin J. Garbis
         United States District Judge
```